UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DUREY DAMION HOUSEN,

                Plaintiff,

– against –

TRANS UNION LLC *and* TODD M. CELLO,

                Defendants.

**OPINION & ORDER**

24-cv-05716 (ER)

Ramos, D.J.:

      Durey Damion Housen, who is *pro se*, brought this action against Trans Union LLC[1] ("Trans Union") and its Chief Financial Officer, Todd M. Cello (together "Defendants") for a violation of the Fair Credit Reporting Act ("FCRA") and breach of contract. Doc. 20; *see also* Doc. 1.[2] Before the Court is Housen's motion to dismiss the instant action voluntarily, without prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(2). Doc. 26. While Defendants do not object to dismissing the action, they argue that it should be dismissed with prejudice. Doc. 31. For the reasons set forth below, the motion is GRANTED without prejudice.

I.    **FACTUAL AND PROCEDURAL BACKGROUND**

    **A. Factual Background**[3]

      Housen alleges that Defendants violated the FCRA by failing to provide accurate credit reporting and not complying with the terms of a contractual agreement between

---

[1] Defendants note that Housen improperly identified Trans Union LLC as Transunion LLC. Doc. 24 at 4.

[2] It is unclear from the complaint if Housen is alleging a FCRA claim or a breach of contract claim. However, because Housen is *pro se*, the Court construes his complaint liberally and assumes both claims are alleged for purposes of this instant motion.

[3] Because Housen is *pro se*, the Court will consider both complaints, Docs. 1 and 20, in describing the alleged conduct.

them.  Doc. 1 at 2, 5; Doc. 20 at 5.[4]  These inaccuracies in his credit report included the inclusion of (1) certain accounts as placed for collection or charged off, which should not have appeared on the credit report because they predate the report by more than seven years, (2) accounts with Aldous and Associates and Credit Management LP, which were inaccurately reported as placed for collection, and (3) accounts with Credit One Bank, JPMCB Auto Finance, and JPMCB Card Services, which were inaccurately reported as not paid.  Doc. 1 at 5, 12, 14, 19, 27, 29, 61–62, 72.

Between March 2024 and May 2024, Housen attempted multiple times to resolve inaccuracies in his credit reports through Trans Union's dispute process by calling and sending various letters to TransUnion.  Doc. 1 at 5–6, 11–32.  However, despite these attempts, Defendants failed to correct the reports in violation of the FCRA.  Doc. 1 at 5–6, 30.

Housen alleges that he has suffered from "profound humiliation," "undue hardship," and "financial losses" due to inaccurate credit reporting.  Doc. 1 at 6; Doc. 20 at 6.  Specifically, he alleges that the inaccurate reports led to multiple denials of loans, job opportunities, credit cards, car rentals, and applications for apartments, "impeding [his] financial progress."  *Id.*

Housen seeks the removal of "all derogatory remarks" from his credit report, "a perfect credit score," and monetary compensation.  Doc. 1 at 6, 26–32.  Housen also seeks compensation for injuries due to Defendants' non-compliance and breach of the contract.  Doc. 20 at 7.

**B. Procedural Background**

Housen filed his initial complaint on July 29, 2024.  Doc. 1.  On October 25, 2024, Defendants moved to dismiss the complaint for failure to state a claim.  Doc. 15.

---

[4] Housen does not provide a copy of the alleged contract.  *See* Docs. 1, 20.

2

In response to the motion to dismiss, Housen amended his complaint on December 20, 2024. Doc. 20. On February 3, 2025, Defendants moved to dismiss the amended complaint for failure to state a claim. Doc. 24. Housen's opposition was due on March 3, 2025, but Housen failed to file an opposition. *See* Doc. 23. On April 2, 2025, a month after Housen's deadline to file an opposition, the Court directed Housen to file an opposition by April 11, 2025 and noted that if he failed to do so, there could be adverse consequences, including dismissal for failure to prosecute. Doc. 25.

On April 7, 2025, Housen moved to dismiss the instant action, without prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(2), and the Court directed Defendants to respond. Docs. 26, 27. On April 21, 2025, Defendants requested that the action be dismissed with prejudice and that the Court award attorneys' fees pursuant to the Court's inherent authority. Doc. 31.

## II.   LEGAL STANDARD

### A. Federal Rule of Civil Procedure 41(a)(2)

Federal Rule of Civil Procedure 41(a)(2) provides that once a defendant has answered, absent the defendant's consent, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2); *see also Lan v. Time Warner, Inc.*, No. 11-cv-2870 (AT) (JCF), 2016 WL 554588, at *1 (S.D.N.Y. Feb. 9, 2016). Unless otherwise specified in the order, such a dismissal is without prejudice. Fed. R. Civ. P. 41(a)(2).

Voluntary dismissal without prejudice is "not a matter of right." *Zagano v. Fordham University*, 900 F.2d 12, 14 (2d Cir. 1990). However, the presumption in this Circuit is that voluntary dismissal should be granted without prejudice, absent a showing that "the defendant would suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Kwan v. Schlein*, 634 F.3d 224, 230 (2d Cir. 2011) (quoting *Camilli v. Grimes*, 436 F.3d 120, 123 (2d Cir. 2006)). "Plain legal prejudice" includes "the plight of a defendant who is ready to pursue a claim against the plaintiff *in the same action* that

3

the plaintiff is seeking to have dismissed." *Ascentive, LLC v. Opinion Corp.*, No. 10-cv-4443 (ILG) (SMG), 2012 WL 1569573, at *2 (E.D.N.Y. May 3, 2012) (quoting *Camilli*, 436 F.3d at 124). Further, it requires that "the cause has proceeded so far that the defendant is in a position to demand on the pleadings an opportunity to seek affirmative relief and [s]he would be prejudiced by being remitted to a separate action." *Paulino v. Taylor*, 320 F.R.D. 107, 109–10 (S.D.N.Y. 2017) (quoting *Jones v. S.E.C.*, 298 U.S. 1, 20 (1936)).

In *Zagano*, the Second Circuit identified additional factors relevant to determining whether voluntary dismissal without prejudice is appropriate: "(1) the plaintiff's diligence in bringing the motion, (2) any undue vexatiousness on the plaintiff's part, (3) the extent to which the suit has progressed, including the defendant's efforts and expense in preparation for trial, (4) the duplicative expense of relitigation, and (5) the adequacy of the plaintiff's explanation for the need to dismiss." *Kwan*, 634 F.3d at 230 (quoting *Zagano*, 900 F.2d at 14). While courts "will analyze each of these factors individually, [ ] no one factor is dispositive." *S.E.C. v. Chakrapani*, No. 09-cv-1043 (RJS), 2010 WL 2605819, at *2 (S.D.N.Y. June 29, 2010).

In *Gravatt v. Columbia University*, 845 F.2d 54, 56 (2d Cir. 1988), the Second Circuit established that, under Rule 41(a)(2), a district court "may convert a dismissal sought to be entered without prejudice to one with prejudice." However, fundamental fairness requires interpreting Rule 41(a)(2) to afford the plaintiff "an opportunity to withdraw a motion for dismissal without prejudice and proceed with litigation in the event that a district judge proposes to convert a voluntary dismissal to one with prejudice." *Id.*; *see also Shady Records, Inc. v. Source Enterprises*, 371 F. Supp. 2d 394, 396 (S.D.N.Y. 2005).

### B. Attorneys' Fees

The Court has the inherent authority to grant attorneys' fees when a party "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Sorenson v. Wolfson*, 170

F. Supp. 3d 622, 633 (S.D.N.Y. 2016), *aff'd*, 683 F. App'x 33 (2d Cir. 2017) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991)). "The Supreme Court has cautioned that because of the 'very potency' of a court's inherent power, it should be exercised 'with restraint and discretion.'" *Id.* (citation omitted).

To impose sanctions under the court's inherent authority, "the trial court must find clear evidence that (1) the offending party's claims were entirely meritless and (2) the party acted for improper purposes." *Id.* (quoting *Agee v. Paramount Communications, Inc.*, 114 F.3d 395, 398 (2d Cir. 1997). "Thus, a finding of bad faith is a prerequisite to an award of attorney's fees" under the court's inherent authority. *Id.* (citing *Agee*, 114 F.3d at 398).

"[A] court can order a *pro se* litigant to pay legal fees." *Cai v. Frequency Networks, Inc.*, No. 16-cv-3084 (LDH) (SJB), 2017 WL 5135592, at *3 (E.D.N.Y. Nov. 3, 2017) (citing *Sassower v. Field*, 973 F.2d 75, 79 (2d Cir. 1992)). However, "the court must adequately warn the *pro se* litigant before imposing such an order." *Papadimitriou v. Mullooly, Jeffrey, Rooney & Flynn, LLP*, No. 22-cv-2065 (LDH) (LB), 2023 WL 6385769, at *5 (E.D.N.Y. Sept. 29, 2023); *see also Golub v. University of Chicago*, 1992 WL 333641, at *3–*4 (E.D.N.Y. Oct. 26, 1992) (finding award of attorney's fees appropriate against a *pro se* litigant where litigant had "been adequately warned of the consequences which may result from this behavior"). In addition, "[l]ack of meritorious claims alone does not warrant ... sanctions, especially if a plaintiff is proceeding *pro se*." *Shahid v. Ridgewood-Bushwick Senior Citizens Council*, No. 03-cv-4949 (DGT), 2005 WL 1009549, at *1 (E.D.N.Y. Apr. 26, 2005) (citation omitted).

C.  **Pro Se Plaintiff**

"A *pro se* litigant's papers must be construed liberally 'to raise the strongest arguments they suggest.'" *Jules v. Andre Balazs Properties*, No. 20-cv-10500 (LGS), 2023 WL 5935626, at *2 (S.D.N.Y. Sept. 12, 2023) (quoting *Publicola v. Lomenzo*, 54 F.4th 108, 111 (2d Cir. 2022)). At the same time, "*pro se* status does not exempt a party

5

from compliance with relevant rules of procedural and substantive law." *Id.* (quoting *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006)).

### III. DISCUSSION

#### A. The Court Will Dismiss the Action Without Prejudice

The Court finds that dismissing the action without prejudice will not cause Defendants to "suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Kwan*, 634 F.3d at 230 (quoting *Camilli*, 436 F.3d at 123). In addition, on balance, the *Zagano* factors weigh in Housen's favor.

As to the first factor, Housen has not acted with diligence under the circumstances. Housen failed to file an opposition to Defendants' motion to dismiss on March 3, 2025, and instead moved to dismiss the instant action without prejudice on April 7, 2025, but only after the Court directed Housen to respond on April 2, 2025, more than a month after his response was due. Docs. 23, 25, 26.

As to the second factor, Housen was not unduly vexatious in bringing this action or filing the instant motion. Vexatiousness refers to instances where "the case was brought to harass the defendant," *Hinfin Realty Corp. v. Pittson Co.*, 206 F.R.D. 350, 356 (E.D.N.Y. 2002), or the plaintiff had "ill-motive," *Shaw Family Archives, Ltd. v. CMG Worldwide, Inc.*, No. 05-cv-3939 (CM), 2008 WL 4127549, at * 6 (S.D.N.Y. Sept. 2, 2008). Courts will find ill-motive where, for example, "the plaintiff never had any intention of providing discovery . . . but nonetheless permitted the case to proceed, thereby seeking the advantage of filing its charges without having to support them; or where the plaintiff filed duplicative actions relating to the same injury; or where the plaintiff assured the court it would proceed with its claims but then go[es] back on their word and seeks dismissal." *Paulino*, 320 F.R.D. at 109 (quoting *Banco Central De Paraguay v. Paraguay Humanitarian Found., Inc.*, No. 01-cv-9649 (JFK), 2006 WL 3456521, at *2 (S.D.N.Y. Nov. 30, 2006)).

Defendants argue that Housen's actions are vexatious, specifically his actions (1) filing an amended complaint the same day that an opposition to Defendants' first motion to dismiss was due, after receiving an extension from the Court, (2) not responding to Defendants' second motion to dismiss, and (3) requesting that the Court dismiss the action without prejudice to pursue his claims through binding arbitration. *See* Doc. 31.[5] Here, there is nothing in the limited record before the Court to suggest that Housen initiated this lawsuit or filed this motion with ill motive or to harass Defendants.

As to the third and fourth factors, both weigh in Housen's favor. The standard for concluding that a case "has progressed far enough to weigh against dismissal is high, and is usually satisfied only where substantial discovery, summary judgment motion practice, or trial preparation has occurred." *American Federation of State, County & Municipal Employees District Council 37 Health & Security Plan v. Pfizer, Inc.*, No. 12-cv-2237 (JPO), 2013 WL 2391713, at *4 (S.D.N.Y. June 3, 2013). Defendants argue that they have "expended a significant number of resources defending [Housen's] claims and … that a dismissal without prejudice will only lead to a further waste of resources and expenses." Doc. 31 at 3. Defendants further argue that Housen "should not be permitted to have no consequences for stringing Defendants and this court along for the last nine months." *Id.*

Here, at the time Housen moved for voluntary dismissal, the case was in its early stages, pending only for 9 months, and discovery had not commenced. *See Jaskot v. Brown*, 167 F.R.D. 372, 373 (S.D.N.Y. 1996) (granting motion for voluntary dismissal without prejudice, pursuant to Rule 41(a)(2), filed approximately 18 months after plaintiff commenced the action). The parties have not incurred significant costs and any duplicative efforts of relitigation would be minimal. *See Patterson v. Cruz*, No. 15-cv-9405 (ER), 2016 WL 6583702, at *3 (S.D.N.Y. Nov. 3, 2016). Further, Defendants'

---

[5] Defendants explain that "Trans Union does not have a 'binding arbitration clause' in its Terms of Use." Doc. 31 at 3.

7

claim that they will be prejudiced by incurring additional expenses if Housen decides to bring the lawsuit again is insufficient to deny Housen's motion. *See D'Alto v. Dahon California, Inc.*, 100 F.3d 281, 283 (2d Cir. 1996) (noting that the Supreme Court "recognized long ago that starting a litigation all over again does not constitute legal prejudice").

As to the fifth factor, Housen explains that his reason for moving to dismiss the action without prejudice is that there is a binding arbitration clause in Trans Union's terms of use. Doc. 26 at 1. However, Defendants explain that Trans Union "does not have a 'binding arbitration clause'" in its terms of use. Doc. 31 at 3 (citing *Terms of Use*, TransUnion LLC (Mar. 11, 2019), https://www.transunion.com/legal/terms-of-use). Housen's explanation is therefore unpersuasive.

However, while there is no binding arbitration clause in Trans Union's terms of use, Housen has the right to voluntarily dismiss the action, and dismissal is not contingent on plaintiff's rationale. *See Camilli*, 436 F.3d at 124 (explaining that the Supreme Court clearly established the "right to dismiss . . . is absolute. It does not depend on the reasons which the plaintiff offers for his action.") (quoting *In re Skinner & Eddy Corporation*, 256 U.S. 86, 93–94 (1924)). In addition, there is no evidence that he seeks dismissal "to avoid the prospect of an adverse decision on a dispositive motion." *Galasso v. Eisman, Zucker, Klein & Ruttenberg*, 310 F. Supp. 2d 569, 573 (S.D.N.Y. 2004); *see Banco Central De Paraguay*, 2006 WL 3456521, at *7.

In sum, Defendants have not demonstrated that they "would suffer some plain legal prejudice"—other than the prospect of a second lawsuit—which is required to overcome the presumption in this Circuit that voluntary dismissal should be granted without prejudice. *Kwan*, 634 F.3d at 230 (quoting *Camilli*, 436 F.3d at 123).

### B. Defendants Are Not Entitled to Attorneys' Fees

Defendants seek to recover attorneys' fees under the Court's inherent authority. Doc. 31 at 1. Here, there is no evidence that Housen acted in bad faith, engaged in

dilatory litigation tactics, or filed frivolous motions. Accordingly, Defendants' request for attorneys' fees is denied.

## IV. CONCLUSION

For the reasons discussed above, Housen's motion for dismissal without prejudice is GRANTED. The Clerk of Court is respectfully directed to terminate the motions, Docs. 24 and 26, and close the case.

It is SO ORDERED.

Dated: May 5, 2025
New York, New York

Edgardo Ramos, U.S.D.J.